**In the Matter of J. A. L.**

**No. 9251.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 19, 1980.

Brown, Harding, Fargason & Brown (Mike Brown), Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty. (Steven M. Sucsy, Asst. Dist. Atty., Lubbock), for appellee.

REYNOLDS, Chief Justice.

Adjudged to have engaged in delinquent conduct, J. A. L., a child, contends that the proceedings were barred by the prior dismissal of the same charge of delinquent conduct, requested by the State "in the best interest of the child." Concluding that the dismissal did not foreclose further proceedings, we affirm.

On 15 January 1980, the State of Texas charged that J. A. L., a fifteen year old male child, had engaged in delinquent conduct. The charge, brought by the authority of Texas Family Code Annotated, § 51.01, *et seq.* (Vernon 1975; Vernon Supp.1980),[1] was filed as Cause No. 3814 on the docket of the 72nd Judicial District Court of Lubbock County. Specifically, the State charged that on or about 19 November 1979, J. A. L. intentionally and knowingly operated an automobile without the effective consent of the owner, a violation of Texas Penal Code, § 31.07, of the grade of felony. On 14 April 1980, the State moved the court to dismiss the cause "for the reason that dismissal is in the best interest of the child." On the same day, an order granting the motion and dismissing the cause was signed.

Subsequently, by an amended petition filed 29 May 1980 in Cause No. 3874 on the docket of the 140th Judicial District Court of Lubbock County, the State alleged that J. A. L. had engaged in three acts of delinquent conduct. The first two allegations were acts of theft of the grade of misdemeanor, and the third allegation was the same delinquent conduct charged and dismissed in Cause No. 3814.

J. A. L. specially excepted to the third allegation. The grounds were that the prior dismissal of the identical allegation in Cause No. 3814 resulted in a dismissal with prejudice on the merits of the allegation, and gave rise to the doctrine of collateral estoppel which would prevent a disposition upon an adjudication of delinquency on this allegation. The special exception was overruled.

Thereafter, an adjudication hearing was conducted in Cause No. 3874, the cause underlying this appeal. Pursuant to a plea bargaining agreement, the State moved the court to, and the court did, dismiss, with prejudice, the first two allegations of misdemeanor theft. Then, J. A. L., joined by his attorney, waived his rights to trial by jury, confrontation of witnesses and against self–incrimination, and judicially confessed to the delinquent conduct charged in the third allegation. Documents recording the proceedings had in Cause No. 3814 were received in evidence.

The court rendered judgment adjudicating J. A. L. to be a child who engaged in the delinquent conduct charged in the third allegation. The court further found a need

---

1. ·References hereafter made to sections are to the sections of the Texas Family Code Annotated (Vernon 1975; Vernon Supp. 1980), unless otherwise indicated.

for a disposition hearing and set a date and time therefor.

■ Appealing from the adjudication judgment, J. A. L. first contends that the judgment is barred by the doctrine of res judicata. That doctrine bars the litigation of all issues connected with a cause of action which, with the use of diligence, might have been tried, as well as those which were actually tried. *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex.1963). J. A. L.'s theory is that the judgment dismissing Cause No. 3814, rendered upon the granting of the State's motion therefor "in the best interest of the child," was an adjudication of the merits of the delinquent conduct, thereby barring the State's cause of action. This is so, J. A. L. argues, because the question of the best interest of the child goes directly to the merits of a charge of delinquent conduct.

Nevertheless, we have concluded upon the verity of the record before us that the doctrine of res judicata has no application. This conclusion follows because, notwithstanding the granting of the State's motion for dismissal of Cause No. 3814 "in the best interest of the child," the judgment of dismissal was rendered without an adjudication of any issue in that cause.

■ In Cause No. 3814, the State moved for a voluntary dismissal, otherwise known as a nonsuit. 4 R. McDonald, Texas Civil Practice § 17.14 (rev.1971). Given the operative effect of the Texas Rules of Civil Procedure by Section 51.17, the State had the right to timely move for a nonsuit under Rule 164; indeed, the right, when timely exercised, is said to be absolute and unqualified. *State v. Gary*, 163 Tex. 565, 359 S.W.2d 456, 459 (1962). Moreover, the right to voluntarily dismiss a suit is without prejudice to a reassertion of the matters asserted in the dismissed suit, *Payne v. Nichols*, 176 S.W.2d 961, 963 (Tex.Civ.App.–Galveston 1943, writ ref'd w. o. m.); and a voluntary dismissal with permission of the court does not bar the assertion of the same cause

of action in a subsequent suit. *Scherff v. Missouri Pac. Ry. Co.*, 81 Tex. 471, 17 S.W. 39, 40 (1891).

By seeking the court's permission to nonsuit Cause No. 3814, the State, although assigning a reason for its request, neither invited a determination of the merits nor requested a dismissal with prejudice so as to bar it from later asserting the same cause of action. *See* 4 R. McDonald, *supra*, § 17.14. Further indicative of nonadjudication of the merits in that cause is that the court, in granting the State's motion, rendered a judgment of dismissal, not a dismissal with prejudice which would signify an adjudication and denial of the State's claim. *See, e. g., Murphy v. Stigall*, 352 S.W.2d 918, 919 (Tex.Civ.App.–San Antonio 1961, writ ref'd); *Schenker v. City of San Antonio*, 369 S.W.2d 626, 630 (Tex.Civ. App.–San Antonio 1963, writ ref'd n. r. e.).

■ Thus, the judgment of dismissal must be accorded its legal effect. A judgment of dismissal is not an adjudication of the merits of the dismissed cause; it merely places the parties in the position they were in before the court's jurisdiction was invoked just as if the suit never had been brought. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex.1962). It follows that the judgment of dismissal, rendered upon the State's taking a nonsuit, is not res judicata of the merits of Cause No. 3814, *Renfroe v. Johnson*, 142 Tex. 251, 177 S.W.2d 600, 602 (1944), and the cause of action could be refiled. *City of Houston v. Sam P. Wallace and Co.*, 585 S.W.2d 669, 673 (Tex.1979).

■ Our determination that no issue in Cause No. 3814 was adjudicated by the judgment of dismissal defeats J. A. L.'s claim that the disposition order rendered by the trial court was barred by the doctrine of collateral estoppel.[2] "Collateral estoppel applies only to an issue that was actually litigated and determined in a prior action, not to an issue that might have been litigated." *Anderson, Clayton & Co. v. United*

---

2. Although the judgment of disposition to which the claim is directed has not been includ-

ed in the appellate record, both litigants refer to it in their briefs.

*States,* 562 F.2d 972, 992, *rehearing denied,* 565 F.2d 1215 (5th Cir. 1977), *cert. denied,* 436 U.S. 944 (1978).

 The same determination also invalidates the premises for, and thereby moots, J. A. L.'s complaint that the present prosecution denied him constitutional due process of law. On the premise that the prior judgment of dismissal adjudicated a prosecution to be contrary to his best interest, J. A. L. submits that, analogous to the due process rule of fundamental fairness articulated in *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), it is fundamentally unfair to subject him to the present prosecution. The premise is vitiated by our previous holding that the judgment of dismissal was not an adjudication of any issue in the prosecution. Furthermore, Rule 164 is not, *per se,* unconstitutional, *Webb v. Jorns,* 530 S.W.2d 847, 855 (Tex.Civ.App.–Fort Worth 1975, writ ref'd n. r. e.); so, we see no constitutional unfairness in exercising, as the State did, the absolute right to take one nonsuit, *State v. Gary, supra,* 359 S.W. at 459, and the right to prosecute the same cause of action in a subsequent suit. *Scherff v. Missouri Pac. Ry. Co., supra,* 17 S.W. at 40.

Accordingly, the judgment of adjudication is affirmed.