# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JUNE 1998 SESSION

FILED

July 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9709-CC-00389 |
| Appellee, | ) | |
| | ) | LINCOLN COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| ANDRE PARKS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sale of Cocaine) |


**FOR THE APPELLANT:**

**JOHN HARWELL DICKEY**
District Public Defender

**MICHAEL D. RANDLES**
**(At Trial)**
Assistant District Public Defender
218 North Main Street
Shelbyville, TN 37160


**JULIE A. MARTIN**
**(On Appeal)**
706 Walnut Street, Ste. 900-A
P. O. Box 426
Knoxville, TN 37901-0426

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493


**W. MICHAEL McCOWN**
District Attorney General

**WEAKLEY E. BARNARD**
Assistant District Attorney General
Marshall County Courthouse
Room 407
Lewisburg, TN 37091


OPINION FILED: _____



**AFFIRMED**



**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendant, Andre Parks, appeals his conviction by a Lincoln County jury of the offense of selling cocaine under 0.5 grams, a Class C felony. He was sentenced to a term of eight (8) years and eleven (11) months and denied alternative sentencing. He presents the following issues for our review:

    1.    whether the evidence is sufficient to support the guilty verdict;

    2.    whether the trial court erred in failing to suppress the undercover agent's in-court identification of the defendant;

    3.    whether the trial court erred by admitting into evidence the packages containing the cocaine since it had defendant's name marked on them; and

    4.    whether the trial court erred in sentencing the defendant.

After a careful review of the evidence, we affirm the judgment of the trial court.

**FACTS**

The state's proof showed that on June 20, 1996, undercover agent, Tommy Biele, was a Dickson police officer on special assignment to the Seventeenth Judicial District Drug Task Force in Lincoln County. He utilized an unmarked vehicle containing audio and video equipment. At approximately 5:30 p.m. the defendant approached Agent Biele's vehicle. The agent was able to view the defendant close up, face-to-face. As a police officer, Agent Biele had been trained to "memorize everything you can about them before they leave." The agent requested of the defendant three (3) rocks of crack cocaine for $50. The defendant handed the agent three (3) rocks, and the agent paid the defendant $50. The transaction was videotaped and shown to the jury. The agent did not notice any distinguishing marks or scars on the seller. Agent Biele was "100% certain" that the defendant was the same person who sold him cocaine on the date in question.

The rocks were turned over to another officer. All officers in the chain of

custody identified the packaging. The substance was further identified by the forensic chemist as containing 0.4 grams of cocaine base, a Schedule II controlled substance.

At the conclusion of the state's proof, the defendant offered no witnesses or testimony. However, the defendant exhibited to the jury his arms which contained scars.

The jury convicted the defendant of separate counts of selling and delivering cocaine based upon this transacton. The delivery conviction was stricken by the trial court, thus leaving the defendant with a conviction for the sale of cocaine under 0.5 grams.

## SUFFICIENCY OF THE EVIDENCE

When reviewing the trial court's judgment, this Court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In other words, this Court will not reevaluate or reweigh the evidence brought out at trial. Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The defendant was specifically identified as the person who sold the controlled substance. The issue of identification is a question for the jury. State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). This issue was resolved by the jury against the defendant. The chain of custody was properly shown, and the substance was identified by the forensic chemist as cocaine. The evidence is sufficient to support the verdict.

3

## IN-COURT IDENTIFICATION

Defendant next contends Agent Biele's in-court identification of the defendant was tainted by a prior impermissibly suggestive photographic identification.

### A.

Approximately one month after the drug transaction, another agent showed Agent Biele a photograph of the defendant and inquired as to whether this was the same person who sold him the drugs. Agent Biele identified the defendant in the photograph as the same person who sold the drugs. The trial court found this photographic identification was impermissibly suggestive and suppressed the use of this identification as a part of the state's case-in-chief. However, the trial court found that an in-court identification was sufficiently reliable and independent from the tainted photographic identification. The trial court allowed the in-court identification of the defendant.

### B.

Firstly, we note that the findings of fact of the trial court at a suppression hearing will not be disturbed on appeal unless the evidence in the record preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996).

### C.

Secondly, convictions based on eyewitness identification at trial following a pre-trial photographic identification will be set aside only if the photographic identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). We, nevertheless, recognize

that a pre-trial confrontation procedure may be unlawful if, under the totality of the circumstances, the procedure is unnecessarily suggestive. Moore v. Illinois, 434, 411 U.S. 220, 227, 98 S.Ct. 458, 464, 54 L.Ed.2d 424, 433 (1977).

This Court must consider five factors in determining whether the in-court identification is reliable enough to withstand a due process attack despite the suggestiveness of the pre-trial identification. Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972); State v. Strickland, 885 S.W.2d at 88. These factors are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the time between the crime and the confrontation. Strickland, 885 S.W.2d at 88.

## D.

In the case at bar Agent Biele had ample opportunity to view the defendant face-to-face. As a police officer, Agent Biele was trained in the importance of identification. Agent Biele had absolutely no doubt or hesitation that the defendant was the person who sold him the drugs. The transaction was memorialized on videotape. The trial court found that the in-court identification was not tainted by the prior photographic identification. The evidence does not preponderate against the trial court's ruling.

This issue is without merit.

## DEFENDANT'S NAME ON PACKAGE

Defendant next contends the admission into evidence of the drug envelopes was prejudicial since his name had been written on them. We respectfully disagree.

One of the officers testified as to her role in the chain of custody. She received the cocaine from another agent, packaged and sealed it, and wrote

5

identifying information on the envelopes. The defendant objected to their introduction into evidence since the defendant's name had been written on the envelopes. Since the chain of custody had not been completely established at that time, the exhibits were marked for identification purposes only. Subsequently, when the chain of custody was completely established, the trial court admitted the exhibits into evidence.

The defendant's name was written on the envelopes for the purpose of identifying evidence and establishing the chain of custody. Defendant was not prejudiced by this procedure.

This issue is without merit.

## SENTENCING

Defendant was sentenced as a Range II, Multiple Offender, to a term of eight (8) years and eleven (11) months. The Multiple Offender range of punishment for this Class C felony was not less than six (6) years nor more than ten (10) years. *See* Tenn. Code Ann. § 40-35-112(b)(3). Alternative sentencing was denied. Defendant now challenges the length of the sentence and the denial of alternative sentencing.

## A.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d

6

785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

## B.

The defendant concedes the trial court properly applied the following enhancement factors:

> (1)     a previous history of criminal convictions in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-   114(1);
>
> (2)     a previous history of unwillingness to comply with the conditions of release into the community, Tenn. Code Ann. § 40-35-114(8); and
>
> (3)     adjudications of prior delinquent acts as a juvenile which would constitute a felony if committed by an adult, Tenn. Code Ann. § 40- 3  5  -114(20).

Defendant had prior convictions for forgery, evading arrest, felony theft, selling Schedule IV drugs, passing worthless checks, assault and battery, contempt of court, and simple assault. As a juvenile he had an adjudication for forgery. He

had a prior probation revocation. The three (3) enhancement factors were properly applied.

## C.

Defendant contends the trial court erred in finding that, due solely to the nature of cocaine, the crime was committed under circumstances under which the potential for bodily injury to a victim was great. *See* Tenn. Code Ann. § 40-35-114(16). The trial court noted that this Court has conflicting opinions as to this issue. *See* State v. Keel, 882 S.W.2d 410, 421 (Tenn. Crim. App. 1994); State v. Millbrooks, 819 S.W.2d 441, 447 (Tenn. Crim. App. 1991).[1] Millbrooks applied this factor finding the use of crack cocaine to be injurious to the human body. 819 S.W.2d at 447. Keel rejected the Millbrooks analysis in its application of this factor to all cocaine cases; however, Keel recognized that some cocaine-related cases can be committed under factual scenarios justifying the application of this factor. 882 S.W.2d at 421-22. We find Keel to contain the better analysis. *See* also State v. Robert L. O'Neal, C.C.A. No. 01C01-9610-CC-00438, Marshall County (Tenn. Crim. App. filed December 30, 1997, at Nashville).

In this case we find no particular circumstances causing a great potential for bodily injury other than the nature of the substance itself. Accordingly, we find the trial court erred in its application of this enhancement factor. Nevertheless, we note that the trial court specifically stated it gave very little weight to this enhancement factor in light of our conflicting opinions. Under these circumstances, a sentence reduction due to the misapplication of this enhancement factor is not justified.

---

[1]Permission to appeal was denied in Keel, while no permission to appeal was sought in Millbrooks.

**D.**

Defendant further contends the trial court erred in refusing to recognize mitigating factors. Specifically, defendant contends the trial court should have considered his seeking treatment for cocaine addiction prior to his arrest and his potential for rehabilitation. Defendant has an extensive prior criminal history. Defendant has continued to use drugs and sell them to support his habit. We find no error in the trial court refusing to recognize any mitigating factors.

**E.**

In summary, we find the trial court only erred in its application of one enhancement factor. This does not necessarily entitle defendant to a reduction of his sentence. *See* State v. Lavender, ___ S.W.2d ___ (Tenn. 1998). We find the trial court's determination of the length of sentence to be appropriate.

**F.**

Finally, defendant contends he should have received an alternative sentence. He concedes he is not entitled to a presumption that he is a favorable candidate since he is a Range II Offender. *See* Tenn. Code Ann. § 40-35-102(6). Furthermore, defendant is not eligible for probation since the length of his sentence exceeds eight (8) years. *See* Tenn. Code Ann. § 40-35-303(a). The only possible alternative sentence the defendant could receive is participation in the community corrections program.

**G.**

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1)-(7). The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tenn. Code Ann. § 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

The trial court noted defendant's extensive criminal history and his continued failure to benefit from measures less restrictive than confinement. The record certainly supports these findings. We conclude the trial court did not err in denying alternative sentencing.

**CONCLUSION**

For the above reasons, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

10

**CONCUR:**


_____
**CURWOOD WITT, JUDGE**


_____
**LEE MOORE, SPECIAL JUDGE**