# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00236-CV

---

**In re J.M.B. II**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## MEMORANDUM OPINION

We will conditionally grant relator J.M.B. II's petition for writ of mandamus in which he requests that we order the trial court to dismiss the juvenile delinquency case against him.

In the trial court, the State filed a petition alleging that Relator engaged in delinquent conduct. On February 25, 2026, before an adjudication hearing, the State filed its First Amended Motion to Dismiss in which it "move[d] for a non-suit in the interest of justice." After expressing concerns in open court about judicial confessions and community safety, the trial court dismissed the case consistent with the State's motion. The next day, however, the trial court signed an Order Vacating Nonsuit and Dismissal. That same day, the court set an adjudication hearing for March 11, 2026.

Relator filed this mandamus petition and sought emergency relief. Relator asked that we direct the trial court to cancel the adjudication hearing and to dismiss the case. We stayed the adjudication hearing pending our consideration of the merits of this petition. The State filed a response positing that the trial court lacked jurisdiction to vacate its grant of the

State's motion to dismiss. The State asked that we find that Relator met the standard for mandamus relief. The trial court did not file a response.

Mandamus relief is appropriate where the trial court clearly abuses its discretion and there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 838 (Tex. 1992) (orig. proceeding). A court has no discretion in determining what the law is or applying the law to the facts. *Id*. at 840. Thus, a court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001) (orig. proceeding); *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996) (orig. proceeding).

The trial court had no discretion to refuse to dismiss the case after the State filed its motion to dismiss and nonsuit of its claims and, accordingly, lacked discretion to vacate its order dismissing the case. The Texas Rules of Civil Procedure govern juvenile delinquency proceedings except for the State's burden of proof or when other rules and laws conflict. *See* Tex. Fam. Code § 51.17(a); *In re L.M.*, 993 S.W.2d 276, 280 n.3 (Tex. App.—Austin 1999, pet. denied) (recognizing that proceedings regarding juveniles are governed by Family Code). "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." Tex. R. Civ. P. 162. "A party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). This provision applies to juvenile delinquency cases. *See In re S.B.C.*, 805 S.W.2d 1, 9 (Tex. App.—Tyler 1991, writ denied) (noting that State may file non-suit of juvenile delinquency petition pursuant to Rule 162); *see also Matter of B.E.S.*, No. 01-22-00020-CV, 2022 WL 3722402, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.) (mem. op.).

2

The trial court abused its discretion by vacating its dismissal order. The State had the right to dismiss its petition by filing a nonsuit under Rule 162. In the absence of other pending claims for affirmative relief, the trial court correctly dismissed the case. Its Order Vacating Nonsuit and Dismissal, however, effectively denied the motion and notice of nonsuit as shown by the court's resetting of the case for adjudication. Despite its concerns about judicial confessions and community safety, the trial court had no choice but to grant the motion to dismiss and enter the nonsuit on its minutes. *See* Tex. R. Civ. P. 162. The trial court properly dismissed the case, but abused its discretion by vacating that dismissal.

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its February 26, 2026 Order Vacating Nonsuit and Dismissal and to sign an order granting the motion to dismiss and to enter the nonsuit in its minutes. The writ will issue only if the trial court refuses to act in accordance with this opinion.

_____

Darlene Byrne, Chief Justice

Before Chief Justices Byrne, Justices Theofanis and Crump

Filed:   March 26, 2026