In the Matter of R.L.H., Appellant.

No. 3–88–009–CV.

Court of Appeals of Texas, Austin.

May 24, 1989.

Donnie J. Coleman, Junction, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

## ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion handed down by this Court on March 22, 1989, is withdrawn and this opinion is handed down in its place.

Appellant R.L.H., a minor, seeks to set aside the judgment of the juvenile court of Tom Green County. The jury determined that R.L.H. engaged in delinquent conduct, attempted capital murder, and assessed commitment to the Texas Youth Commission for twenty years. The juvenile court rendered judgment upon the jury's verdict. This Court will affirm the judgment.

Pursuant to Tex.Fam.Code Ann. § 53.045 (Supp.1989) (the so-called determinate sentencing law), the grand jury approved the petition by which appellant was charged with delinquency. Because the grand jury approved the petition, appellant may be transferred to the Texas Department of Corrections at age eighteen to serve the remainder of his sentence. *Id.* § 54.04(d)(3) (Supp.1989) and Tex.Hum.Res.Code Ann. § 61.084(b) (Supp.1989). Appellant attacks the statutes authorizing such disposition by several grounds.

Appellant first contends that the determinate sentencing system[1] violates the section of the Texas Constitution prohibiting incarceration in the penitentiary "unless on an indictment of a grand jury." Tex.Const. Ann. art. I, § 10 (1984). This right, along with the balance of the Bill of Rights, is "inviolate" forever and any law which is "contrary thereto ... shall be void." *Id.* § 29. Because a proceeding in juvenile court is initiated by a "petition," Tex.Fam. Code Ann. § 53.04 (1986), appellant concludes that any statute which authorizes penitentiary time as the result of a juvenile action must be void.

■ Appellant's conclusion incorrectly assumes that a petition cannot function as an indictment. The Constitution provides that "[t]he practice and procedures relating to the use of indictments ... including their contents, amendment, sufficiency, and requisites, are as provided by law." Tex. Const.Ann. art. V, § 12 (Supp.1989). The legislature has exercised this power in the determinate sentencing statutes. A petition is approved by a grand jury "in the same manner that the grand jury votes on the presentment of an indictment." Tex. Fam.Code Ann. § 53.045(b) (Supp.1989). The grand jury also retains all of its investigative powers while considering a petition submitted to it for approval. *Id.* § 53.045(c) (Supp.1989). In light of these constitutional and statutory provisions, appellant's position is reduced to a claim that the legislature must term an indictment an "indictment." As if anticipating this argument, the legislature has provided that for the purpose of transferring a juvenile to the Texas Department of Corrections, a "juvenile court petition approved by a grand jury under this section is an indictment...." *Id.* § 53.045(d) (Supp.1989).

Because the legislature was exercising its explicit authority pursuant to Tex. Const.Ann. art. V, § 12, this Court concludes that the statutes meet the require-

---

1. The provisions authorizing a determinate sentence are found in more than one statutory section. The main provisions of the system are Tex.Fam.Code Ann. §§ 53.045, 54.04(d)(3), and 54.11 (Supp.1989), and Tex.Hum.Res.Code Ann. §§ 61.079 and 61.084(b) (Supp.1989).

ment of art. I, § 10 and, therefore, are not void under art. I, § 29.

By point of error two, appellant claims that the judgment is invalid because the determinate sentencing statutes violate Texas Const.Ann. art. I, § 3 (equal rights) and § 19 (due course of law), and the Fourteenth Amendment of the United States Constitution. Appellant advances several arguments in support of this view; each argument compares a juvenile's rights under the determinate sentencing system with either the rights under the usual juvenile process or the rights when certified as an adult and handled through the criminal process.

■■■■ The United States Supreme Court has stated that

> we approach the question whether the State has invidiously denied one class of defendants a substantial benefit available to another class of defendants under the Equal Protection Clause.

*Bearden v. Georgia,* 461 U.S. 660, 665, 103 S.Ct. 2064, 2069, 76 L.Ed.2d 221 (1983). The rule is the same in Texas because federal precedent is persuasive when construing the scope of individual rights under our own Constitution. *State v. Project Principle, Inc.,* 724 S.W.2d 387 (Tex.1987); *Hernandez v. Houston I.S.D.,* 558 S.W.2d 121 (Tex.Civ.App.1977, writ ref'd n.r.e.); *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249 (1887). (Appellant tacitly acknowledges the *Bearden* rule by casting his claim in the traditional equal protection and equal rights analysis, *i.e.,* comparing the treatment of various *groups.*) Appellant's due process and due course of law claims are, therefore, not relevant to this appeal and are overruled.[2]

Next we consider the ripeness of two of appellant's equal protection and equal rights arguments. The two arguments are (1) that a determinate sentence unconstitutionally sends a juvenile to the Texas Department of Corrections (TDC) at age eigh-

teen, compared to the usual-process juvenile who may stay at the Texas Youth Commission until age twenty-one; and (2) that a determinate sentence unconstitutionally prevents juveniles from being paroled from the TDC. An explication of the transfer process demonstrates why these arguments are not ripe for decision.

Six months before his birthday, the Youth Commission sends notice to the committing court that the juvenile will be eighteen. Tex.Hum.Res.Code Ann. § 61.079 (Supp.1989). The court must act on such notice by holding a hearing before one month from the birthday. Tex.Fam.Code Ann. § 54.11(h) (Supp.1989). At the conclusion of the hearing, the court may order the juvenile transferred to the TDC or may order him paroled from the Youth Commission. *Id.* § 54.11(i) (Supp.1989). Accordingly, a transfer to the Texas Department of Corrections will occur, if at all, only after a hearing and a court order. Any person transferred has the right to appeal such order. *Id.* § 56.01(c)(2) (Supp.1989).

■■■■ Whether the appellant will be transferred to the Texas Department of Corrections hinges on the required hearing and resultant order. In appellant's case that hearing is yet to be held. Because appellant might not serve any time whatsoever in the TDC, an opinion on these arguments at this point would be wholly advisory. This Court has no authority to render advisory opinions. *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 646 (1933); Tex.Const.Ann. art. V, §§ 6 and 8. If the committing court does order appellant to the TDC, then a real controversy will exist, and he may voice his objections in an appeal from that order. Until such time, appellant's arguments regarding the TDC are premature and are overruled.

We turn now to the merits of appellant's remaining arguments. As mentioned

---

**2.** Due process and due course of law rights are at stake when an individual is treated in a unique or arbitrary way by the government. Appellant has not asserted that his trial was irregular in any way. In one sense, *he* is able to

claim that a group is the victim of an unfair burden precisely because the statutes were properly applied to him, thereby bringing him within the group.

above, appellant compares the details of the three processes that a prosecutor may use to deal with juveniles. This analysis correctly points out that differences do exist among the systems. Appellant concludes that, because he was not treated the same as other defendants, his constitutional rights have been violated. We disagree.

■ As an accused child in juvenile court, appellant's fundamental right to liberty was at stake. Strict scrutiny is the proper equal protection test when a fundamental right is in issue. Nowak, Rotunda, and Young, Constitutional Law, p. 591–594 (1983). The only legitimate classifications or burdens under the strict scrutiny standard are those which further a compelling state interest. *Id.* This is also the Texas equal rights analysis, because, as we stated in the due process and due course of law discussion, federal precedent is persuasive. *Project Principle,* 724 S.W.2d 387; *Hernandez,* 558 S.W.2d 121. Accordingly, appellant's argument raises the issue whether the determinate sentence statutes further a compelling state interest.

The determinate sentencing statutes were enacted to provide an alternative to the pre-existing criminal and juvenile systems. The criminal system strives to maintain our societal structure and to protect the safety of citizens by punishing persons who violate certain basic rules of conduct. The primary purpose of the juvenile system is "to provide for the care, the protection, and the wholesome moral, mental, and physical development of children...." Tex.Fam.Code Ann. § 51.01(1) (1986). It is difficult to imagine more crucial governmental interests than the safety of persons and the well-being of children. These systems encounter a gap with which neither can deal, however, at the point where they intersect, *i.e.* the violent youthful offender. Which system's goals are more important in such a case? Should the prosecutor strive for the youth's welfare through the juvenile system or should he disregard that and seek to certify the youth as an adult?[3]

Answering such difficult policy questions is within the province of the legislature, and for this particular question, the legislature has provided an answer—namely, determinate sentencing. The determinate sentencing system strikes a balance between these goals. Placing a child in the Youth Commission initially and requiring the committing court to re-evaluate the child's situation when he reaches age eighteen are measures tailored to achieve a child's well-being. Prohibiting the Youth Commission from paroling him without court approval and the possibility that he will serve the portion of his sentence beyond age eighteen at the TDC are measures designed to protect the public by lengthening the period of confinement.

■ Because the two state goals involved are vital, we conclude that the state's interest in striking a balance between these goals is compelling. Because the determinate sentencing statutes further a compelling state interest, we conclude that they do not violate appellant's Texas equal rights or his federal right to equal protection. Point of error number two is overruled.

In points of error three and four appellant claims that his commitment to the Texas Youth Commission is invalid and void. Appellant argues that "a judgment not based upon any pleadings is void." *In Re A.F.D.,* 628 S.W.2d 87, 89 (Tex.App.1981, no writ). Appellant asserts that the petition "did not ask for a disposition other than the possible assessment of support and probation fees." Appellant concludes that the commitment is invalid and void because it is not based on any pleadings.

■ The petition requests the court, if he is found delinquent, to place the child on probation outside his home or commit "him

3. A real choice between these goals exists because the average time period served in the Youth Commission is extremely short compared to the average time served in the Texas Department of Corrections for the same offense. In addition, there are the starkly different conditions of confinement under these two agencies.

to the Texas Youth Commission." This pleading, along with the fact that it had been approved by the grand jury, gave appellant adequate notice of the contentions against him and the consequences. *See Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 133 (Tex.1988); Tex.R. Civ.P.Ann. 47 (1979); *see also Evans v. State*, 623 S.W.2d 924 (Tex.Cr.App.1981). We conclude that the disposition is supported by the pleading. The points are overruled.

In his last point of error, appellant argues that the duty to make certain findings was in the sole province of the jury, and it was error for the juvenile court to make those findings. Appellant's disposition was pursuant to Tex.Fam.Code Ann. § 54.04(d)(3) (Supp.1989). No disposition can occur under § 54.04 unless the trier of fact makes the findings required by Tex. Fam.Code Ann. § 54.04(c) (Supp.1989). Appellant's case was tried to a jury which did make the required § 54.04(c) findings.

▮▮▮▮ Although those subsections, (d)(3) and (c), apply to either a judge or a jury, Tex.Fam.Code Ann. § 54.04(g) (Supp. 1989)[4] requires additional findings when the court is the fact finder. The juvenile court here made those additional findings. Because the court was not the fact finder, the additional court findings are legally inoperative. Point of error five is overruled.

On motion for rehearing, appellant asserts a new point of error: that the district court failed to admonish him of his rights. *See* Tex.Fam.Code Ann. § 54.03(b) (Supp. 1989). Appellant does not complain that he was denied the right to be represented by an attorney or denied the right against self-incrimination or denied any other right. Rather, he asserts that these rights were not thoroughly explained by the court.

▮▮▮▮ Errors not raised in an appellant's initial brief are waived.[5] *Aycock v. Travis County*, 255 S.W.2d 910, 914 (Tex. Civ.App.1953, writ ref'd); *Langston v. Eagle Publishing Company*, 719 S.W.2d 612, 625 (Tex.App.1986, no writ). An exception to this rule is that a fundamental error will be considered at any point in the proceedings. *Gaertner v. Stolle*, 238 S.W. 252, 258 (Tex.Civ.App.1921, writ ref'd). Although fundamental error is extremely rare, *Texas Industrial Traffic League v. Railroad Commission*, 633 S.W.2d 821, 823 (Tex.1982), appellant asserts that the district court's failure to follow § 54.03(b) is a fundamental error. For this proposition he relies upon *In the Matter of I.G.*, 727 S.W.2d 96 (Tex.App.1987, no writ), decided by a divided panel of the San Antonio Court of Appeals. We respectfully decline to follow *I.G.*

An error is fundamental when it directly and adversely affects the public interest as that interest is defined in the statutes and constitution. *Rey v. Rey*, 487 S.W.2d 245, 248 (Tex.Civ.App.1972, no writ). In part, the court in *I.G.* reasoned that fundamental error exists because the Family Code expressly brings this important subject within the public interest. We do not conclude that to be a sufficient basis for finding fundamental error. The Natural Resources Code, the workers' compensation statutes, and the Tax Code all deal with important subjects which are, in the same way, expressly brought within the public interest. The standard in *I.G.* would create fundamental error in all causes involving any one of thousands of "important" statutes. The court in *I.G.* also reasoned that caselaw has set family law matters in a special category. Although it is an important subject, we believe the Supreme Court has not made a blanket exception to the law of appellate procedure for all family

---

4. Section 54.04 currently has two subpart (g)'s; the question here involves the second one. 1987 Tex.Gen.Laws, ch. 1052, § 6.11.

5. Appellant suggests that this error was preserved because the district court failed to follow

Tex.Fam.Code Ann. § 51.09 (1986). Although the district court may have *erred* by failing to follow that section, the Family Code in no way provides for the *preservation* of such error. Error is preserved under Tex.R.App.Pro. 52 (Pamp.1989).

law matters. In sum, we conclude that the error is not fundamental.[6]

The judgment is affirmed.

---

**6.** A direct, adverse effect on the public interest (i.e. fundamental error) is most commonly found when authority is improperly claimed or exercised. *See, e.g., Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979 (Tex.1947) (public official not properly elected); *Holland v. Taylor,* 153 Tex. 433, 270 S.W.2d 219 (Tex.1954) (parties had no justiciable interest); *see also State v. Sunland Supply Co.,* 404 S.W.2d 316, 319 (Tex.1966) (jurisdiction of the court, generally).