833 S.W.2d 250 (1992)
In the Matter of D.S., a Child.
No. 13-91-199-CV.
Court of Appeals of Texas, Corpus Christi.
May 28, 1992.
Rehearing Overruled July 30, 1992.
*251 Rene Correa, Weslaco, Mark Alexander, McAllen, for appellant.
Rene Guerra, Theodore Hake, Edinburg, for appellee.
Before KENNEDY, SEERDEN, and GILBERTO HINOJOSA, JJ.

OPINION
KENNEDY, Justice.
D.S.[1] appeals from an adjudication and disposition of a juvenile court action alleging delinquent conduct, i.e., murder. Appellant was adjudicated under the State's determinate sentencing statutes.[2] The jury found that appellant used a deadly weapon and assessed disposition at thirty years. Appellant, by eleven points of error, challenges the constitutionality of the determinate sentencing statutes and asserts that several actions by the trial court constitute reversible error. We affirm.
By his fifth point, appellant asserts that the trial court reversibly erred in allowing him to be sentenced under the determinate sentencing statutes because the certification to the court of grand jury approval was not in the case file at the time trial commenced. Appellant does not complain that the grand jury failed to approve the petition or failed to certify it to the court clerk. Rather, he only asserts that the timing was improper when the grand jury's Certification To The Juvenile Court was placed in the case transcript.
The record reflects that the petition and the Notice of Intent To Seek Grand Jury Certification For Determinate Sentencing were timely filed. We also note that D.S. executed an election to have the jury determine disposition prior to the proceeding which only is available to a juvenile when the State is proceeding under the determinate sentencing statutes. See Tex.Fam. Code Ann. § 54.04(a) (Vernon Supp.1992).
The record shows that the certification was stamped "Filed November 8, 1990," and the deputy clerk testified, outside the *252 jury's presence, that she did not place the document into the case file until December 13, 1990, the day after the jury was selected in the juvenile proceeding. When asked why the document was stamped with the November date, the deputy clerk replied that the certification was given to the chief clerk on November 8, 1990, when the grand jury left for the day.
In pertinent part, the Texas Family Code provides that, "if the grand jury approves of the petition, the fact of approval shall be certified to the juvenile court, and the certification shall be entered in the record of the case." Tex.Fam.Code Ann. § 53.045(d) (Vernon Supp.1992).
In reading the pertinent statute, we find no time requirement for placing the grand jury's certification to the court clerk in the case file. Additionally, we note that the court clerk received the certification on November 8, 1990, not on December 13, 1990. We conclude that the Certification To The Juvenile Court was properly and timely filed with the juvenile court. See In the Matter of S.B.C., 805 S.W.2d 1, 8 (Tex. App.-Tyler 1991, writ denied). We overrule point five.
By points ten and eleven, appellant contends the trial court reversibly erred in allowing the case to proceed to the disposition stage using the determinate sentencing scheme because the punishment phase of the scheme violates the United States Constitution and the Texas Constitution.
Appellant specifically complains that the determinate sentencing scheme provides that a person may serve time in the penitentiary or be punished without ever being convicted of a crime, it denies appellant bail, it violates the separation of powers doctrine by delegating the executive branch function of commutation of sentence to the judiciary, and it violates the double jeopardy clause in that it allows two punishments for the same offense.
We note that appellant does not argue impropriety, only the potential for impropriety. No error is shown to have occurred, and thus, nothing is presented for our review. Until such time as the committing court orders the transfer of appellant to the Texas Department of Criminal Justice Institutional Division (TDCJID) appellant's arguments under points ten and eleven are premature. See also, S.B.C., 805 S.W.2d at 6. We overrule points ten and eleven.
By points six and seven, appellant argues that the State's determinate sentencing statute is unconstitutional because it violates the United States Constitution's due process clause, and the Texas Constitution's due process clause, and due course of law protections of its citizens.
Appellant contends that the determinate sentencing statutes allow the State to prosecute without a sworn complaint, information, or evidence of a crime. In connection with this argument, he also asserts that the determinate sentencing statute fails to provide a right to an indictment before being convicted of a felony or being incarcerated with felons. Appellant also suggests that the determinate sentencing statute fails to provide guidelines to the grand jury in determining whether to approve the petition.
Appellant's conclusion assumes that a petition cannot function as an indictment. See In re R.L.H., 111 S.W.2d 697, 699 (Tex. App.-Austin 1989, writ denied). The Texas Constitution provides that "[t]he practice and procedures relating to the use of indictments ... including their contents, amendment, sufficiency, and requisites, are as provided by law." Tex. Const.Ann. art. V, § 12 (Vernon Supp.1992). The legislature exercised its constitutional power in the determinate sentencing statutes by providing that a petition is approved by a grand jury in the same manner that the grand jury votes on the presentment of an indictment. Tex.Fam.Code Ann. § 53.-045(b) (Vernon Supp.1992). Additionally, the statute provides that the grand jury retains all of its investigative powers while considering a petition submitted to it for approval. Tex.Fam.Code Ann. § 53.045(c) (Vernon Supp.1992). The grand jury treats the petition the same as information it would be presented with before issuing an indictment.
*253 As if anticipating this constitutional argument, the legislature provided that for the purpose of transferring a juvenile to the TDCJID, a juvenile petition approved by a grand jury under this section is an indictment.... Tex.Fam.Code Ann. § 53.045(d) (Vernon Supp.1992). We overrule points six and seven.
By points eight and nine, appellant asserts that the determinate sentencing scheme violates the equal protection clauses of the United States Constitution and the Texas Constitution. Appellant contends that the scheme allows arbitrary prosecution and treatment of offenders under the age of fifteen without adequate constitutional safeguards.
A prosecutor now has several processes available to deal with juveniles, the juvenile system, the determinate sentencing system, and the criminal system, if he first petitions and the court certifies the juvenile as an adult. There are differences among these systems. Appellant contends that his constitutional rights are violated because under the determinate sentencing system, he is treated differently than if he were adjudicated under the juvenile system.
As an accused child in juvenile court, appellant's fundamental right to liberty was at stake. R.L.H., 771 S.W.2d at 701. Strict scrutiny is the proper equal protection test when a fundamental right is in issue. Id. The only legitimate classifications or burdens under the strict scrutiny standard are those which further a compelling state interest. Id. Thus, we must determine whether the determinate sentencing statutes further a compelling state interest and meet the strict scrutiny standard. The court in R.L.H. addressed this issue and noted that the determinate sentencing statutes were enacted as an alternative to the pre-existing criminal and juvenile systems. These statutes were enacted to strike a balance between 1) the criminal system's goal to maintain our societal structure and to protect the safety of citizens by punishing persons who violate certain basic rules of conduct, and 2) the juvenile system's primary purpose "to provide for the care, the protection, and the wholesome moral, mental, and physical development of children." Id. (citing Tex.Fam. Code Ann. § 51.01(1) (Vernon 1986)). These systems encounter a gap neither can deal with effectively when a violent juvenile offender is involved. The legislature, seeking to strike a balance between the two systems, enacted the determinate sentencing statutes. This third system, which initially places the child in the Youth Commission and requires the committing court to re-evaluate the child's situation when reaching age eighteen, are measures tailored to achieve a child's well-being. Prohibiting the Youth Commission from paroling him without court approval and the possibility that he will serve the portion of his sentence beyond age twenty-one at the TDCJID are measures designed to protect the public by lengthening the period of confinement.
Because these two stated goals are vital, we conclude that the State's interest in striking a balance between the goals is compelling. Because the determinate sentencing statutes further a compelling State interest, we conclude that they do not violate appellant's Texas or federal equal protection rights. We overrule point eight and nine.
In addition to appellant's constitutional complaints, he also asserts that the trial judge reversibly erred in conducting the trial. By point one, appellant asserts that the trial court reversibly erred in denying appellant's request to charge the jury on the lesser included offense of aggravated assault.
An offense is a lesser included offense if 1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged, 2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission, 3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission, or 4) it consists of an attempt to commit the offense charged or an *254 otherwise included offense. Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981).
A two-step analysis is required in determining whether a jury charge on a lesser included offense must be given upon request. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must also be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser included offense. In the Matter of S.D.W., 811 S.W.2d 739, 751 (Tex.App.-Houston [1st Dist.] 1991, no writ) (citing Sanchez v. State, 745 S.W.2d 353, 357 (Tex.Crim.App. 1988)).
In this case, the State's petition alleged appellant committed the offense of murder. A person commits murder by intending to cause serious bodily injury and committing an act clearly dangerous to human life that caused the death of an individual. Tex. Penal Code Ann. § 19.02(a)(2) (Vernon 1989).
In determining whether it was error to deny a jury charge on the offense of aggravated assault as a lesser included offense, we note that the first prong of the analysis was met since aggravated assault may be a lesser included offense of murder under either Tex. Penal Code Ann. §§ 19.02(a)(1) or (a)(2) (Vernon 1989). See Dowden v. State, 758 S.W.2d 264, 269 (Tex.Crim.App. 1988).
At trial, a friend of appellant and the deceased testified that in the early morning hours of Sunday, September 3, 1990, appellant invited the deceased to go "cruising." The friend wanted to join them but was told by appellant not to come along. The friend testified that appellant and the deceased left and drove toward McAllen at about 1:00 a.m., Sunday, and he did not see the deceased again. The friend then testified that he saw appellant about 10:00 11:00 a.m. Sunday morning. He asked appellant where the deceased was and appellant acted nervous and did not answer. The friend testified that he asked appellant again, and that appellant said in Spanish that "he" was bothering him. The friend testified that appellant later told him that he killed the deceased, that he stabbed him with a knife, and had thrown him on Mile 12. In carefully reviewing the record, we find no evidence which raises an inference that D.S. was guilty only of aggravated assault, but not murder. We overrule point one.
By points two through four, appellant asserts that the trial court reversibly erred in admitting evidence. Specifically, appellant complains about the trial court admitting opinion testimony, inflammatory photographs, and reputation testimony, all over his objections. We will address each type of evidence individually.
Appellant complains about the introduction of opinion testimony by Deputy Fernando Cuellar, an officer at the scene, about what caused the deceased's death. Appellant claims that the State did not properly qualify the deputy to testify about the cause of death.
In reviewing the record, the State asked Deputy Cuellar if, when he observed the body, did he form any opinion about the cause of death. Appellant's attorney objected to the question because no predicate was laid for this question. The trial court sustained the objection. The prosecutor then asked Deputy Cuellar if he, in his past experience had come across dead bodies. He responded that he had. Once again, the prosecutor asked him if he had any opinion about what caused the death of this person. Again appellant's attorney objected on the same grounds. The court overruled the objection, and Deputy Cuellar testified that when he checked for a pulse, he saw that there was a lot of blood on the body itself, the pants, shoes, and other areas surrounding the body. He noticed a puncture wound under the right nipple of the body. He testified that at that point he believed the deceased was stabbed.
In reviewing the full context of Deputy Cuellar's testimony, we do not see how the questions asked and the answers given could be construed as stating an expert opinion about the actual cause of death. Rather, Deputy Cuellar's testimony related to what he encountered when arriving at *255 the scene, the steps he took in securing the area, and in trying to locate a weapon.
Essentially, Deputy Cuellar's testimony amounted to his noticing a puncture wound in the deceased's chest which was surrounded by massive amounts of blood suggested to him that the deceased was stabbed. We find no error in the admission of Deputy Cuellar's testimony.
Appellant complains about the admission of what he considers inflammatory photographs. The record indicates that the State offered four photographs into evidence and that appellant's attorney objected to all four. The trial court sustained objections to two photographs but overruled objections to the other two photographs. The photographs admitted over appellant's objection were referred to by the pathologist in describing the stab wound near the deceased's nipple, connected with the perforation into the chest cavity and to the heart and the lung, and in describing the flesh-type wound behind the right shoulder.
A photograph, provided it is competent, material, and relevant to the issue at trial, is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury unless it is offered solely to inflame the minds of the jury and provided a verbal description of the body would be admissible, a photograph depicting the same is admissible. Martin v. State, 475 S.W.2d 265, 267 (Tex. Crim.App. 1972); Ward v. State, 787 S.W.2d 116, 119-20 (Tex.App.-Corpus Christi 1990, pet. ref'd).
The challenged photographs were used at trial by the pathologist to illustrate his testimony about the deceased's wounds. In reviewing the record, we find no error by the trial court in admitting the photographs.
Appellant complains about the admission of reputation testimony by four witnesses at the disposition phase of trial over his objection. In reviewing the record, we note that appellant's attorney objected to the first reputation witness by stating, "your honor, we object at this time based on Rule 404 of the Texas Rules of Civil Procedure. It does not allow for the admissibility of this type of evidence." Subsequently, with the next two reputation witnesses, appellant's attorney stated, "I renew my objection as to this witness under Rule 404." Finally, as to the fourth reputation witness, appellant's attorney stated, "objection, your honor, Rule 404, as to this witness." When the prosecutor rephrased the question about appellant's reputation, appellant's attorney stated, "same objection, your honor." Appellant was once again overruled.
To preserve a complaint for appellate review, a party must present to the trial court a timely objection stating the specific grounds for the ruling desired. Tex. R.App.P. 52(a). Appellant objected based on Texas Rule of Civil Procedure 404, which he asserts does not allow this type of evidence. Since appellant's trial objection mentioned a nonexistent rule of civil procedure, and fails to state a specific legal basis or grounds for the objection, we conclude that this appellate error was not properly preserved. Tex.R.App.P. 52(a).
We affirm the trial court's judgment.
GILBERTO HINOJOSA, J., concurs.
GILBERTO HINOJOSA, Justice, concurring.
I concur only in the result because I believe the serious constitutional challenges raised by appellant to the determinate sentencing statute are not yet ripe. At this stage, appellant is still under the auspices of the Texas Youth Commission (TYC) and I believe under the facts of this case his current detention is proper. Nevertheless, appellant's arguments attacking the constitutionality of determinate sentencing deserve further discussion.
Appellant's sixth and seventh points of error claim that the determinate sentencing statute is unconstitutional because it violates the due process clauses of the United States and Texas Constitutions because it provides no guidelines to the grand jury in determining whether or not to approve the petition, allows the state to proceed without *256 a sworn complaint, and fails to provide the juvenile with adequate notice of approval by the grand jury of the State's petition. By its seventh point of error, appellant further claims that the statute violates the Texas Constitution by failing to provide a right to an indictment before convicting an individual of a felony. By his eighth and ninth points of error, appellant complains that the determinate sentencing statute violates the equal protection clause of the United States and Texas Constitutions because it allows arbitrary prosecutions, it treats offenders under 15 years of age without adequate safeguards, and it allows discriminatory treatment of offenders under 15 years of age. By points ten and eleven, appellant alleges that the trial court erred in allowing the case to proceed to its dispositional stage using the determinate sentencing scheme because it violates the United States and Texas Constitutions because it allows a person to serve time in the penitentiary without ever having been convicted of an offense, it denies the appellant bail, it delegates an executive function of commutation of sentence to the judiciary, it denies effective assistance of counsel, and violates the double jeopardy clause because it allows two punishments for the same offense.
By way of background, the determinate sentencing law, passed by the legislature in 1987, provides that juveniles who have been adjudicated delinquent for one of six serious, violent offenses may receive a determinate sentence of as long as thirty years.[1] The first portion of the sentence is served in a facility operated by the TYC. If the juvenile has not been released by the Commission by the time he becomes 18, the juvenile may then be transferred to the Texas Department of Corrections for the balance of the sentence. After the delinquent has been transferred to TDCJID, he becomes subject to the parole laws for adult offenders. The purpose of determinate sentencing is to provide a method to respond to violent criminal offenders who are younger than the minimum transfer age of fifteen. The purpose for enactment was as an alternative to changing nothing in the juvenile system in the face of public perception that juvenile crime is on the increase or decreasing the transfer age to allow younger offenders to be sentenced to TDCJID. While I believe the purpose of the act is admirable, the law does not afford the juvenile due process and equal protection allowed an adult offender.
The first problem I see is that the statute, as written, allows the juvenile to be incarcerated in the TDCJID without ever having been indicted for or convicted of a felony, but only adjudicated a delinquent.
The Texas Constitution provides that no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury. Tex. Const. Art. I § 10 (Vernon 1984). The Code of Criminal Procedure details the requisites and certainty required to indict an individual. Tex.Code Crim.Proc.Ann. art. 21.02 (Vernon 1989). An indictment should state everything that needs to be proven. Tex.Code Crim.Proc. Ann. art. 21.03 (Vernon 1989). The certainty required in an indictment must be sufficient to enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. Tex.Code Crim.Proc.Ann. art. 21.04 (Vernon 1989).
On the other hand, the requisites for the petition in a case in which the determinate sentencing law is to be applied include a statement in a petition with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts. If the petition includes the violation of certain provisions of the Penal Code, it may be referred to the grand jury.[2] The grand jury then has the power to investigate *257 the facts and circumstances relating to a petition submitted as it has to investigate other criminal activity. Tex.Fam. Code Ann. § 53.045 (Vernon Supp.1992). The determinate sentencing statute, as written, does not state what factual basis should be examined before the case is presented to the grand jury. It is by petition which is not required to be sworn or based on any sort of sworn complaint. The formal requisites of an indictment are not required. At the point of transfer, the juvenile is being subjected to severe penalties without the accompanying procedural safeguards. In the event the delinquent is transferred, he is transferred never having been convicted of a felony offense.[3]
Appellant has not yet been transferred to prison. The current law provides that an individual has the right to directly appeal the trial court's decision to transfer the delinquent. Tex.Fam.Code Ann. § 56.-01(c)(2) (Vernon Supp.1992). Therefore, any claim becomes ripe only when the delinquent is subject to unequal treatment. I believe that allowing an individual to be incarcerated in the TDCJID for up to thirty years, having never been indicted for or convicted of a crime, contravenes of both the United States and Texas Constitutions.
I also see potential constitutional violations in allowing the trial judge sole discretion at the transfer stage of the case. The jury in this case has indicated by its verdict that this individual has engaged in delinquent conduct, namely, murder. The jury has further determined that he should be committed to TYC with transfer to TDCJID for a term not to exceed thirty years. The law as currently written allows the trial judge to use his sole discretion in determining if the delinquent should be transferred to prison or if the delinquent has successfully completed his sentence. Under the Family Code, an appeal from the transfer ruling of the trial court does not suspend the order of the juvenile court, nor does it release the child from the custody of the court, unless the juvenile court so orders. Tex.Fam.Code Ann. § 56.01(g) (Vernon 1986). That, in essence, means that the delinquent may be transferred to TDCJID pending the outcome of an appeal. I see problems with what appears to be fairly unbridled discretion in the transfer. First, the jury has already spoken with regard to the sentence. Unlike a parole situation, the juvenile is virtually at the whim of the single judge at the transfer hearing. Second, I see problems in allowing the juvenile court to act, in essence, in an executive role, by allowing the court to "commute" the sentence if it so desires. The law as it stands now gives too much discretion to the trial courts in areas which have been traditionally left to the jury, the parole board, and the governor.
In sum, I believe that the appellant has, to date, been afforded all he is entitled to by law. If his points were raised in an appeal from a transfer hearing, I think a different result would be in order.
NOTES
[1] A juvenile shall be identified by initials only. Tex.Fam.Code Ann. § 56.01(j) (Vernon 1986).
[2] The provisions authorizing a determinate sentence are found in Tex.Fam.Code Ann. §§ 53.-045, 54.04, 54.11 (Vernon Supp.1992) and Tex. Hum.Res.Code Ann. § 61.079 (Vernon 1990) and Tex.Hum.Res.Code Ann. § 61.084 (Vernon Supp.1992).

For an explanation of the statutes see Dawson, The Third Justice System: The New JuvenileCriminal System of Determinate Sentencing For The Youthful Violent Offender In Texas, 19 St. Mary's L.J. 943 (1988).
[1] Dawson, The Third Justice System: The New Juvenile Criminal System of Determinate Sentencing for the Youthful Violent Offender in Texas, 19 St. Mary's L.J. 943 (1988).
[2] Violations of the following sections of the Penal Code may be referred: Sections 19.02 (murder), 19.03 (capital murder), 20.04 (aggravated kidnapping), 22.021 (aggravated sexual assault), 22.03 (deadly assault on a law enforcement, corrections officer, or court participant); or 15.01 (criminal attempt), if the offense was an offense under section 19.03 (capital murder).
[3] An order of adjudication or disposition in a proceeding under this title is not a conviction of crime, and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or aqppointment. Tex.Fam.Code Ann.$$ 51.13(a) (Tex.1986).