11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Milton Allen Brown

Appellant

Vs.                   No.
11-01-00026-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted appellant of aggravated assault during which appellant used or
exhibited a deadly weapon.  The trial
court assessed his punishment at 2 years confinement and a fine of $2,000. 

Appellant
does not challenge the legal or factual sufficiency of the evidence.  In his first two issues, appellant argues
that the trial court erred in failing to give an application paragraph on
self-defense in the charge and that he was denied effective assistance of
counsel because of counsel=s failure to object to the omission of the application paragraph.  In his other two issues, appellant argues
that the trial court erred by not providing separate verdict forms in its
charge and that he was denied effective assistance of counsel because of
counsel=s failure to object to the omission of the
separate verdict forms.  We affirm.

Background
Facts








Terry Ryan
Hamilton, the complaining witness, testified that he had been visiting with a
friend in front of the Chancellor Apartments when appellant approached and
asked if Hamilton had been selling drugs in appellant=s apartment. 
Hamilton said that he denied the charge and that he started to walk
away.  According to Hamilton, appellant
then surprised him by punching him in the eye and knocking him to the
ground.  Appellant continued to beat
Hamilton with his fists while Hamilton was on the ground.  Hamilton claimed that, at some point,
appellant said that Ahe was
gonna go get his [gun] and then gonna shoot me.@  During the two or three
minutes that appellant left, Hamilton started walking toward a convenience
store.  Hamilton then saw appellant
chasing after him with a pistol and pointing the pistol at him.  Hamilton testified that he ran and made it
to a grocery store to call the police. 
By that time, appellant had stopped chasing him.  

Appellant
testified, denying that he even owned a gun. 
Appellant stated that he had returned to his apartment and found it in a
mess with a number of items missing.  He
admitted confronting Hamilton, accusing Hamilton of taking the items.  Appellant described Hamilton as a drug
dealer and stated that he had asked Hamilton on a number of occasions to stop
selling drugs near the apartment. 
According to appellant, the two men then got into a heated
argument.  Appellant testified that he
could not say who threw the first punch because:

I closed my eyes.  So, I can=t say because I wasn=t looking.  I was just trying to
either hit first or get out of Dodge or get hit.

 

Appellant=s version was that it was Amutual combat,@ that he was defending himself, and that he just happened to get the Abest of [Hamilton].@

Appellant
did not challenge the fact that Hamilton incurred $6,700 in medical bills
because of his injuries.

Omission
of Application Paragraph on Self-Defense

Although
the trial court instructed the jury on self-defense in the abstract portion of
the charge, the trial court erred in omitting the application paragraph on
self-defense.  Barrera v. State, 982
S.W.2d 415, 416 (Tex.Cr.App.1998).  The
omission in Barrera was the same as the one in this charge.  The Barrera court held that omission
of the application paragraph on self-defense was not constitutional error and
then remanded the case to the court of appeals for a determination of whether
the error constituted egregious harm under Almanza v. State, 686 S.W.2d 157,
171 (Tex.Cr.App.1985).  Thus, the
standard of review here will be the one set forth in Almanza and Barrera.  To determine whether there was egregious
harm, we will consider the charge, the evidence, the arguments of counsel, and
any other relevant information from the record.  Almanza v. State, supra at 171; Barrera v. State, supra at 417.

  The trial court=s charge contained a lengthy instruction on
self-defense:








Under the
law of self-defense, you are instructed that a person is justified in using
force against another when and to the degree he reasonably believes the force
is immediately necessary to protect themselves against the other person=s use or attempted use of unlawful force.

 

The use of
force against another is not justified in response to verbal provocation alone.

 

A person
is justified in using deadly force against another if he would be justified in
using force against the other person in the first place, as above set out, and
when and to the degree he reasonably believes that such deadly force is
immediately necessary to protect himself against the other person=s use or attempted use of unlawful deadly
force and if a reasonable person in the defendant=s situation would not have retreated.

 

The term Adeadly force@ as used herein means force that is intended or known by the person
using it to cause, or, in the manner of its use or intended use, is capable of
causing death or serious bodily injury.

 

The term Areasonable belief@ as used herein means a belief that would be
held by an ordinary and prudent person in the same circumstances as the
defendant.

 

When a
person is attacked with unlawful deadly force, or he reasonably believes he is
under attack or attempted attack with unlawful deadly force by one or more
persons, and there is created in the mind of such person a reasonable
expectation or fear of death or serious bodily injury, then the law excuses or
justifies such person in resorting to deadly force by any means at his command
to the degree that said person reasonably believes immediately necessary, as
viewed from his standpoint at the time, to protect himself from such attack or
attempted attack.

 

It is not
necessary that there be an actual attack or attempted attack, as a person has a
right to defend his life and person from apparent danger as fully and to the
same extent as he would had the danger been real, provided that said person
acted upon a reasonable apprehension of danger, as it appeared to that person
from his standpoint at the time, and that said person reasonably believed such
deadly force was immediately necessary to protect himself against the other
person=s use or attempted use of unlawful deadly
force by the assailants.  

 








You are
further instructed that in determining the existence of real or apparent
danger, it is your duty to consider all the facts and circumstances in the case
in evidence before you and to consider the words, acts and conduct, if any, of
the complainant at the time and prior to the time of the aggravated assault,
and to consider whatever threats, if any, the complainant may have made to the
defendant and to consider any difficulty or difficulties which the complainant
had with the defendant.

 

In
connection with the law of self-defense, you are instructed that there need not
be actual deadly force or actual attempted deadly force exercised against the
defendant before he can act in self-defense, as a person has the right to
defend his life and person from apparent danger as fully and to the same extent
as he would had the danger been real, provided that a reasonable person in the
defendant=s situation would have so acted.

 

Counsel
for appellant began laying the groundwork for appellant=s self-defense claim when  he cross-examined Hamilton.  In his direct testimony, appellant
emphasized that he acted in self-defense and that it was Amutual combat.@  Appellant denied Hamilton=s version of a surprise punch, and he denied
having a gun during the assault. 
Appellant also testified that he knew that drug dealers sometimes carry
weapons. 

The State
waived its right to have the first closing argument.  Counsel for appellant focused on appellant=s self-defense claim in his closing argument:

This dope dealer had to make up a story
because he got into a fight.

 

                                                                       *    *   
*

 

And I=d ask you to go to page 5 of the charge.  There had not to be - - 
no actual attack was necessary for someone to defend themselves.  All [appellant] needed was that apprehension,
the fear.  And he definitely had
that....He had to defend himself against this known drug dealer. 

 

                                                                       *    *   
*

 

I ask you
to deliver a message.  Drug dealers, we
can tell when you are lying and when you are not lying.  You may have suffered injury, you lost a
fight that you got into and didn=t know what you were getting into. 
Tough luck.  You did not convince
us beyond a reasonable doubt.

 

There is
nothing in the record to show that the jury was misinformed or uninformed on
the law of self-defense.  The trial
court=s error in omitting the application paragraph
on self-defense did not cause egregious harm to appellant.  We overrule appellant=s first issue.








Appellant
asserts in his second issue that his trial counsel was ineffective because
counsel failed to object to the trial court=s failure to include an application paragraph for self-defense in the
jury charge.  To determine whether
appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999).  The
burden of showing ineffective assistance rests with appellant.  Moore v. State, 694 S.W.2d 528, 531
(Tex.Cr.App.1985).  

The right
to counsel does not guarantee errorless counsel or counsel whose competency is
judged by hindsight.  Stafford v. State,
813 S.W.2d 503, 506 (Tex.Cr.App.1991). 
A reviewing court must indulge a strong presumption that counsel=s conduct fell within a wide range of
reasonable professional assistance. 
Strickland v. Washington, supra at 688-89.  Although appellant=s trial counsel failed to object to the omission of the application
paragraph, there is no indication that the 
jury was confused about appellant=s reliance on the law of self-defense. 
The evidence showed that 
Hamilton=s injuries were serious and substantial.  Appellant=s evidence on self-defense was weak. 
After reviewing the record, we conclude that counsel=s representation did not fall below an
objective standard of reasonableness. 
Moreover, we earlier found that the charge error was not an egregious
error.  An error in the charge is
egregious if it affects the very basis of the case, deprives the defendant of a
valuable right, or vitally affects a defensive theory.  Hutch v. State, 922 S.W.2d 166, 170
(Tex.Cr.App.1996); Almanza v. State, supra at 172.  Thus, we also conclude that the second prong of Strickland
was not met; appellant has not shown that there is a reasonable probability
that the result of the trial would have been different even if the trial court
had included the application paragraph. 
We overrule appellant=s second issue.

The
Single Verdict Form Was Proper








In his
third issue, appellant claims that the trial court erred by submitting only one
verdict form because the indictment alleged multiple offenses.  Appellant claims that he was harmed because
the omission allowed the jury to reach a non-unanimous verdict.  The indictment read that appellant on or
about June 28, 2000, did:

[U]nlawfully then and there intentionally and
knowingly cause bodily injury to TERRY HAMILTON, hereinafter called
complainant, by striking said complainant, and said defendant did use and
exhibit a deadly weapon to-wit: a hand, during the commission of the assault,

 

[A]nd further, unlawfully then and there
intentionally and knowingly threaten TERRY HAMILTON, with imminent bodily
injury, and said defendant did use and exhibit a deadly weapon to-wit: a
firearm, during the commission of the assault.

 

The
indictment alleged alternative methods of committing the offense of aggravated
assault, not two different offenses. 
The evidence reflects that there was one assault of Hamilton on that
day; the indictment simply alleged alternative methods which raised the assault
to an aggravated assault.  Although the
indictment alleged the alternative methods of committing the offense in the
conjunctive, it was proper for the trial court to charge the jury in the
disjunctive.  Kitchens v. State, 833
S.W.2d 256, 258 (Tex.Cr.App.1991), cert. den=d, 504 U.S. 958 (1992).  The
trial court did not err in submitting a single verdict form on aggravated
assault.  We overrule appellant=s third issue.

In his
fourth and last issue, appellant asserts that he was denied effective assistance
of counsel because his counsel failed to object to the omission of separate
verdict forms on the Atwo
separate aggravated assaults.@  Because the trial court did
not err in submitting the single verdict form, appellant has not met the first
requirement of Strickland. 
Moreover, even if appellant=s counsel believed that there were two aggravated assaults, he might
have chosen the trial strategy of allowing the single verdict form rather than
expose appellant to two convictions.  We
overrule appellant=s
fourth issue.

This
Court=s Ruling

We affirm
the judgment of the trial court.

 

TERRY
McCALL

JUSTICE

January 24, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.