# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00491-CV

### In the Matter of D.L.

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 74,523, HONORABLE REBECCA DEPEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

D.L. appeals from the trial court's order transferring him from custody of the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ) to serve the remainder of a determinate ten-year sentence. As explained below, we will affirm the trial court's transfer order.

## Factual Summary

In August 2012, when appellant D.L. was thirteen years old, the State filed a petition alleging that he had committed aggravated sexual assault against a child and indecency with a child by contact; the victim was about a year younger than D.L. On October 5, 2012, the State filed a Notice of Intent to Seek Grand Jury Certification, and on October 17, the grand jury found probable cause that D.L. had engaged in the alleged conduct and "approved" the State's petition seeking determinate sentencing. *See* Tex. Fam. Code § 53.045(a). About a week later, D.L. and his attorney signed a Waiver of Grand Jury Approval, stating that he understood that "such waiver is an acceptance of the determinate sentencing petition as though approved by the said grand jury, as

authorized by Sections 53.045 and 51.09 of the Texas Family Code." The State abandoned the allegation of aggravated sexual assault, and on October 31, D.L. entered a plea of true to the allegation of indecency with a child by conduct. D.L. was adjudicated delinquent and received a determinate ten-year sentence, probated for ten years. In January 2015, D.L.'s probation was revoked and he was ordered committed to TJJD for ten years. In May 2017, the State filed a motion asking that D.L. be transferred from TJJD to TDCJ to serve the remainder of his determinate sentence. A hearing was held before the trial court, and the court signed an order finding that D.L. was still in need of rehabilitation; that he was at a high risk to re-offend; that TJJD lacked programs to benefit D.L.; that D.L. had "over 200 documented incidents of misconduct while at TJJD"; that D.L. had "failed sex offender treatment program on three occasions"; that he posed "a danger to staff and youth"; and that it was in D.L.'s and the public's best interest that D.L. be transferred to TDCJ to serve the remainder of his ten-year sentence.

## Discussion

"A juvenile court may not impose a determinate sentence unless (1) the prosecuting attorney refers the petition to the grand jury; (2) the grand jury approves the petition and certifies its approval; and (3) the grand jury's certification is entered in the record."[1] *In re J.G.*, 195 S.W.3d 161, 180 (Tex. App.—San Antonio 2006, no pet.) (citing Tex. Fam. Code § 53.045). Section 53.045 of the family code specifies the offenses for which a juvenile may be given a determinate sentence,

---

[1] For an explanation of determinate and indeterminate sentencing, *see* Robert O. Dawson's article, *The Third Justice System: The New Juvenile-Criminal System of Determinate Sentencing For The Youthful Violent Offender In Texas*, 19 St. Mary's L.J. 943, 946 & n.3 (1988).

including, as relevant to this case, aggravated sexual assault or indecency with a child by contact. Tex. Fam. Code § 53.045(a)(5), (12); *see* Tex. Penal Code §§ 21.11(a) (indecency with child by contact); 22.021 (aggravated sexual assault). However, the State "may not refer a petition that alleges the child engaged in conduct that violated Section 22.011(a)(2) [sexual assault of a child], or Sections 22.021(a)(1)(B) and (2)(B) [aggravated sexual assault of a child], unless the child is more than three years older than the victim of the conduct." Tex. Fam. Code § 53.045(e).

The State alleged that D.L. committed aggravated sexual assault and indecency by contact against the same victim, who was about one year younger than D.L. D.L. contends that because he was not more than three years older than the victim, as required by section 53.045(e), the determinate sentence and all subsequent orders are void.

Initially, we note that the record does not reflect that D.L. raised this issue before the trial court. Although juvenile cases are civil proceedings, they are also quasi-criminal. *In re C.O.S.*, 988 S.W.2d 760, 765-66 (Tex. 1999); *In re A.I.*, 82 S.W.3d 377, 379 (Tex. App.—Austin 2002, pet. denied) ("Although juvenile matters are civil proceedings, they are quasi-criminal in nature and thus bear different consideration with regard to issue preservation."); *see also In re R.L.H.*, 771 S.W.2d 697, 702 (Tex. App.—Austin 1989, writ denied) (fundamental error may be raised at any point in proceedings; "error is fundamental when it directly and adversely affects the public interest as that interest is defined in the statutes and constitution"). In considering error preservation in juvenile cases, the supreme court held that we should apply the same preservation rules to juvenile cases as we do in adult criminal proceedings, explaining that "there are essentially three categories of rights and requirements." *C.O.S.*, 988 S.W.2d at 765. There are rights considered "so

3

fundamental to the proper functioning of our adjudicatory process that they cannot be forfeited" by a defendant's inaction—called "absolute rights or prohibitions and systemic requirements"; "forfeitable" rights, which are rights the trial court has a duty to enforce when requested but that can be waived by a failure to call the trial court's attention to the error; and a third category that are "'not forfeitable,' meaning that they cannot be lost by inaction but that they are 'waivable' if the waiver is affirmatively, plainly, freely, and intelligently made." *Id*. at 765-66 (cleaned up).

D.L. does not address whether he preserved this issue and attempts to avoid the problem by arguing that the determinate sentence is void. *See Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (void judgment is nullity and may be attacked by direct or collateral attack); *Harris v. State*, No. 01-04-01174-CR, 2006 WL 488677, at *2 (Tex. App.—Houston [1st Dist.] Mar. 2, 2006, no pet.) (mem. op., not designated for publication) ("Error need not be preserved to attack a void judgment by direct appeal."). However, "[n]early every case that has held a sentence not 'authorized by law' or void (such that the alleged defect could be raised for the first time on appeal) involved the trial court's assessment of a punishment that was not applicable to the offense under the controlling statutes. That is, the punishment assessed was not within the universe of punishments applicable to the offense." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (cleaned up). Here, the determinate sentence was imposed due to D.L.'s commission of indecency with a child by contact, and a determinate sentence is authorized for such an offense. *See* Tex. Fam. Code. § 53.045(a)(12). Thus, D.L.'s punishment is not outside "the universe of punishments applicable to the offense." *See Speth*, 6 S.W.3d at 532; *see also A.I.*, 82 S.W.3d at 381 (sentence was void because statute did not allow for commitment to TYC).

4

Instead, we believe this issue is more akin to an alleged defect in an indictment or information. A petition under which the State seeks a determinate sentence against a juvenile operates as an equivalent of an indictment or information. *See In re J.G.*, 905 S.W.2d 676, 680 (Tex. App.—Texarkana 1995), *writ denied*, 916 S.W.2d 949 (Tex. 1995) (per curiam) (for purposes of transferring juvenile to TDCJ, petition approved by grand jury functions as indictment); *R.L.H.*, 771 S.W.2d at 699-700 (disagreeing with juvenile's argument that "petition cannot function as an indictment").[2] In an adult criminal prosecution, any defect in an indictment or information must be raised before trial or is waived. *Ramirez v. State*, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003); *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993). The issue D.L. complains of does not implicate a fundamental, systemic, or absolute right, and D.L. thus has not shown that the asserted error rises to the level of constitutional error. *See R.L.H.*, 771 S.W.2d at 702 (fundamental error is "extremely rare"). We hold that error, if any can be said to exist, in the petition's inclusion of an offense for which a determinate sentence could not be imposed was waived by D.L.'s failure to object. *See In re J.O.E.*, No. 07-15-00215-CV, 2016 WL 5929600, at *3 (Tex. App.—Amarillo Oct. 11, 2016, no pet.) (defects in charging instrument's fundamental, constitutional requirements cannot be waived, but defects, errors, or irregularities in instrument's form or substance "are considered to be of a non-jurisdictional nature and can be waived"); *In re A.D.J.*,

---

[2] *See also In re J.C.F.*, No. 03-09-00298-CV, 2010 WL 3431689, at *1 (Tex. App.—Austin Aug. 31, 2010, no pet.) (mem. op.) (petition must state with reasonable particularity time, place, and manner of alleged offense but need not allege offense with particularity of criminal indictment); *In re J.L.*, No. 03-00-00212-CV, 2000 WL 1636888, at *4 (Tex. App.—Austin Nov. 2, 2000, pet. denied) (mem. op.) (in seeking determinate sentence, petition is approved by grand jury in same way grand jury votes on presentment of indictment).

No. 03-96-00210-CV, 1996 WL 591140, at *3 (Tex. App.—Austin Oct. 16, 1996, writ denied) (per curiam) (not designated for publication) (juvenile waived defect in determinate-sentence petition by failing to object in trial court to lack of signatures by nine grand jurors).

However, even if D.L. had preserved the issue, we would hold that it was not reversible error for the petition to include the abandoned allegation. In *In re J.G.*, our sister court addressed a similar contention—that because "the petition included an offense not eligible for determinate sentencing, the grand jury certification is void, and as such, the trial court had no jurisdiction over the case." 195 S.W.3d at 180. In that case, the petition certified by the grand jury alleged aggravated sexual assault and indecency by exposure, but the State abandoned the indecency charge. *Id*. The court held that because the sexual-assault charge supported a determinate sentence, the grand jury had the authority to certify the petition "with respect to" that charge. *Id.* The court disagreed with the juvenile's contention that the grand jury's certification was a nullity because the petition included the abandoned indecency allegation, noting that although one of the alleged crimes would not have supported a determinate sentence, the other offense, on which the State proceeded, did, and holding that the requirements of section 53.045 were met. *Id.*

Similarly, although this specific question was not directly at issue, we believe our decision in *In re J.H.* is useful to our analysis. 150 S.W.3d 477 (Tex. App.—Austin 2004, pet. denied). In that case, J.H. was accused of nine counts of delinquent behavior—aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure. *Id.* at 479. The trial court found six of the allegations to be true, and because it found that J.H. had "engaged in a violation of the offense of aggravated sexual assault," assessed a determinate sentence of twenty-five

6

years. *Id.* at 479-80. J.H. appealed, arguing in part "that the trial court erred in assessing a determinate sentence after finding that he engaged in two counts of indecency with a child by exposure because that offense is not among the listed offenses for which a determinate sentence can be ordered." *Id.* at 480. We held:

> Based on a plain reading of the statute, we conclude that even one violation of one penal law listed in section 53.045(a) of the family code is sufficient for the imposition of a determinate sentence. Here, J.H. was found to have engaged in both aggravated sexual assault and indecency with a child by contact, both of which are listed in section 53.045(a). That he also engaged in another offense—one not listed in section 53.045(a)—does not prohibit the assessment of a determinate sentence.

*Id.* at 481.

D.L. urges us to disregard *J.H.* because that case did not "dispose of the antecedent question of whether a determinate sentence was authorized in the first place." He attempts to distinguish *J.G.* by arguing that our sister court "apparently was not asked to consider, nor did it consider, whether, since the Legislature chose the word 'petition' in 53.045(e), this means that a petition covered by that subsection may not be referred to the grand jury for approval if it also contains an eligible determinate sentence offense allegation." He emphasizes the use of the word "petition" in section 53.045, as opposed to "offense," which he argues the legislature would have used had it intended to allow for ineligible offenses to be included with eligible offenses.

Reading section 53.045 carefully, as D.L. urges us to do, that statute provides that a petition may be referred to the grand jury and subsequently support a determinate sentence "if the petition alleges that the child engaged in delinquent conduct . . . *that included* the violation of any of the following provisions," and then goes on to list the offenses eligible for determinate sentence.

7

Tex. Fam. Code § 53.045(a) (emphasis added). Section 53.045 does not state that a petition referred to the grand jury can *only* allege eligible offenses. Considering all of the language chosen by the legislature, it follows that the petition must include at least one eligible offense but is not limited to alleging only eligible offenses. Instead, logic requires the conclusion that a petition that includes both eligible and ineligible offenses may be referred to the grand jury, and a determinate sentence may be imposed as to the eligible offense.[3]

Finally, even if there was preserved error in the petition's listing a non-eligible offense, D.L. has not shown that his substantial rights were harmed by that inclusion, since he was given a determinate sentence based on the indecency allegation, which does not require the juvenile to be more than three years older than the victim of his conduct. *See id*. § 53.045(a), (e). The allegation of aggravated sexual assault was abandoned before D.L. entered his plea.[4] *See In re J.H.*, 150 S.W.3d at 485-86 (courts should apply criminal harm analysis to determinate sentences, meaning judgment must be reversed unless court determines beyond reasonable doubt that constitutional error did not contribute to adjudication or punishment, but other non-constitutional errors will be disregarded unless they affect substantial rights). We overrule D.L.'s sole issue on appeal.

---

[3] The inclusion of a non-eligible offense in a petition referred to and certified by a grand jury would in no way allow for the imposition of a determinate sentence as to that offense simply by wont of its inclusion in the certified petition.

[4] D.L. contends that his Waiver of Grand Jury Approval was of no effect because it only waived the "right of presentation," but as to the allegation of aggravated sexual assault, no such right existed. Due to our resolution of the rest of D.L.'s argument, we need not consider this issue.

**Conclusion**

We have overruled D.L.'s issue on appeal. We therefore affirm the trial court's order of adjudication with a determinate sentence and all subsequent orders, including the order transferring him to TDCJ for the remainder of his sentence.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: August 23, 2018